IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV7-03-MU

| | | |
|---|---|---|
| COMEST T. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| KIM JOHNSON, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed January 8, 2009. (Document No. 1.)

Plaintiff provides a list of unrelated incidents in his Complaint against twenty-six (26) Defendants who are, mostly, employees of Gaston County Jail. His list is made up of a series of complaints regarding his living conditions and includes very few details in support. Plaintiff complains about insufficient outside recreation; that his food and coffee are cold and that the portions are inadequate. He also complains that the commissary does not sell telephone calling cards, legal envelopes or a particular type of pen and that the jail does not distribute mail on Fridays and does not have a procedure whereby they have inmates "sign" for money orders, instead, they simply distribute the money orders without requiring a signature. Plaintiff also complains that his attorney failed to file motions on his behalf. He further contends that the medical staff is indifferent to his medical needs. Finally, Plaintiff complains generally about the maintenance or lack thereof in the prison. He contends that his drain always backs up, several showers are broken, the heating and air conditioning units are clogged with dust and have never been cleaned and there is mold in

1

the prison that is not properly cleaned, but painted over instead.

With respect to all the complaints on Plaintiff's list, he includes very little detail in support of his claims, nor does he alleges any injury. While it is true that under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief," even under the more liberal and forgiving pleading standards, sufficient facts must be included in the statement of claim "[to] give the defendants fair notice of what the claim is and the grounds upon which it rests." Conley v. Ginson, 355 U.S. 41, 47 (1957). Additionally, although the Court must assume that factual allegations in the complaint are true, it need not assume that a plaintiff "can prove facts that [are] not alleged or that the defendants have violated the . . . law [] in ways that have not been alleged." Estate Constr. Co. V. Miller & Smith Holding Co., 14 F.3d 213, 221 (4th Cri. 1994), quoting, Associated Gen. Contractors v. California State Counsel of Carpenters, 459 U.S. 519, 526 (1983). Plaintiff's Complaint fails to state a claim for relief, and for the reasons stated in this Order, Plaintiff's Complaint must be dismissed.

In his Complaint, Plaintiff claims that heart trouble runs in his family and "whenever [he] complain[s] about having serious chest pains . . . the c/o's would not let him see a nurse he was told this was not an emergency matter . . . . " (Complaint at 11.) Plaintiff contends that he then asked for some over- the- counter medicine for his condition "possibly something for heartburns, gas ..." but that the c/o's still refused. (Id..) Plaintiff alleges that "whenever they finally do get around to you sometimes thereafter you probably wont [sic] need their service then." (Id. at 12.) Plaintiff's allegations do not rise to the level of a violation of the Eighth Amendment.

A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S.
2

97, 104 (1976). An Eighth Amendment violation occurs only if the medical need is serious. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). As an initial matter, the Court notes that Plaintiff does not allege any serious injury for which he was denied medical care. Additionally, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to an inmates health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. See Miltier, 896 F.2d at 852-53. However, a plaintiff must prove that defendant was aware of facts showing a risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson v. Quinones, 145 F.3d 164, 167-68 (4th Cir. 1998).

At most, it appears that staff's failure to provide over-the-counter medicine to Plaintiff for his headache, gas or heartburn is either a lack of communication or a disagreement between Plaintiff and Defendants regarding treatment, which does not state constitutional claim, Russell v. Sheffer, 58 F.2d 318, 319 (4th Cir. 1975) or mere negligence in diagnosis or treatment, which is also insufficient to state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Furthermore, Plaintiff does not allege any serious medical need for which he was denied medical care. The Court notes that occasional heartburn, gas and headache do not rise tot he level of a serious medical need. Plaintiff has failed to state a claim for relief for an Eighth Amendment violation.

Plaintiff's claim regarding his food also must fail. Plaintiff claims his food and coffee are cold and the portions are insufficient. Plaintiff's does not allege any illness or injury with respect

to his food and coffee being cold, or the quantity of food he receives.  See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(allegation that prisoner received three meals a day during workweek and two meals per day on weekends and holidays did not state a cruel and unusual punishment claim under the Eighth Amendment, in the absence of deleterious effects).  In order to state a claim for inadequate food, a plaintiff must show that the deprivation is serious and that the defendant is deliberately indifferent to a need.  Wilson v. Seiter, 501 U.S. 294, 302-303 (1991).  Plaintiff has not satisfied these elements in his Complaint.

Next, Plaintiff complains that while housed in D-Dorm, he has not gotten enough outside recreation, but that the inmates housed in the Annex are able to go out outside for recreation.  The Fourth Circuit has found that there is no Constitutional violation when inmates have access to indoor room and are encouraged to use such room for exercise and physical activity.  Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980).  Plaintiff does not argue that he goes without exercise and his claim that he does not get enough outdoor recreation does not state a Constitutional violation.

Plaintiff's claim that his attorney did not file motions on his behalf must be dismissed.  Indeed, defense attorneys, whether privately retained or publicly appointed, are not amenable to suit under §1983.  Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980); Polk County v. Dodson, 454 U.S. 312, 324-35 (1981).

Plaintiff's claims regarding the Commissary must also be dismissed.  Plaintiff complains that the Commissary does not sell certain items such as legal envelopes, a certain kind of pen or telephone cards.  Plaintiff also complains that the mail is not delivered on Fridays and that the jail staff will not make legal copies which, he argues prejudices him because the c/o's only sharpen pencils once a day.  The closest these complaints come to stating a Constitutional violation is a

4

denial of access to the Courts. However, to the extent the Court can stretch this claim to an access to the court claim, such claim must fail because Plaintiff has not alleged any injury such that his ability to pursue a legal claim was hindered. Lewis v. Casey, 518 U.S. 343, 351-52 (1996). With respect to what the Commissary does or does not sell, the Court is cognizant that its inquiry into prison management is limited under § 1983 to whether a particular system violates any constitutional provision. Plaintiff has not articulated any violation of the Constitution.

Finally, Plaintiff contends that some of the showers are not working, his drain backs up and smells bad, the air conditioning and heating vents are clogged with dust and debris, and the mold on the walls is simply painted over, but never properly cleaned. To be sure, sanitation conditions are serious, however, in order to state a Constitutional violation, such conditions must cause serious deprivation to which prison officials are deliberately indifferent. Wilson v. Seiter, 501 U.S. 294, 304-05 (1991). Leaking ceilings, pigeons sometimes nesting in the building, occasional mold in showers, old buildings, and single exit from cellhouse, were found not constitutionally significant. Shrader v. White, 761 F.2d 975, 983-84 (4th Cir. 1985). Here, Plaintiff's complaints are much like those found constitutionally insignificant in Shrader. Moreover, Plaintiff has not stated any significant deprivation, therefore his claim shall be dismissed.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: January 13, 2009

Graham C. Mullen
United States District Judge